```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**M & J TRANSPORT, LLC,**

    **Plaintiff,**

**v.**                                       **CIVIL ACTION NO. 1:23CV53**
                                                      **(KLEEH)**

**DECKER TRUCK LINE, INC.,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS [ECF NO. 4]

Pending before the Court is the Defendant's motion to dismiss the Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2) or, alternatively, to transfer this case to the United States District Court for the District of Montana pursuant to Federal Rule of Civil Procedure 12(b)(3) [ECF No. 4]. For the reasons that follow, the Court **GRANTS** the Defendant's motion to dismiss for lack of jurisdiction.

### I.  Background

This case arises out of a motor vehicle accident involving the parties' employees. The Plaintiff is a West Virginia company that transports products across the country [ECF No. 1-1 at 2]. The Defendant, Decker Truck Line, Inc., is an Iowa corporation with its principal place of business in Fort Dodge, Iowa [ECF No. 1 at 2]. According to the Plaintiff, on January 12, 2022, one of the Defendant's employees "negligently drove it's [sic] vehicle

into a vehicle owned and operated by the Plaintiff." Id. As a result, the Plaintiff's vehicle was damaged and unusable. Id. The Complaint does not include the location of the accident. See generally id. The Defendant clarifies, however, that the crash occurred in the State of Montana [ECF No. 1 at 1].

The Plaintiff commenced this negligence action in Circuit Court of Harrison County, West Virginia on June 12, 2023 [ECF No. 1-1]. The Defendant timely removed the case to this Court based on diversity jurisdiction [ECF No. 1]. Thereafter, the Defendant filed the pending motion to dismiss or transfer [ECF No. 4]. It first contends that the Complaint should be dismissed pursuant to Rule 12(b)(6) because it is devoid of any facts to support for a negligence claim. Id. at 2-3. Next, the Defendant asserts that the Complaint should be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction over the Defendant. Id. at 3-4. Alternatively, the Defendant requests this matter be transferred to the District of Montana, where the alleged incident occurred, pursuant to Rule 12(b)(3). Id. at 4-6. The Plaintiff did not respond.

## II. Legal Standard

When a defendant files a Federal Rule of Civil Procedure 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the ultimate burden of showing

that jurisdiction exists by a preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). However, where a court makes a Rule 12(b)(2) determination without a hearing and based only on the written record, as the Court does here, the plaintiff need only put forth a prima facie showing of jurisdiction "by pointing to affidavits or other relevant evidence." Henderson v. Metlife Bank, N.A., No. 3:11cv20, 2011 WL 1897427, at *6 (N.D.W. Va. May 18, 2011); see also New Wellington Fin. Corp., 416 F.3d at 294. The Court must then "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." New Wellington Fin. Corp., 416 F.3d at 294; see also 5B Wright & Miller, Federal Practice and Procedure § 1351 (3rd ed.).

Under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, a federal district court may exercise personal jurisdiction over a defendant to the same degree that a counterpart state court could do so. See Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners, 229 F.3d 448, 450 (4th Cir. 2000). Importantly, as a result, for a district court to have jurisdiction over a nonresident defendant, the exercise of jurisdiction (1) must be authorized under the state's long-arm statute, and (2) must comport with the due process requirements of the Fourteenth Amendment.

Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001)). As West Virginia's long-arm statute provides jurisdiction to the full extent allowable under the United States Constitution, see W. Va. Code § 56-3-33, the Court need only consider whether the exercise of personal jurisdiction would comport with the Due Process Clause.

West Virginia Code § 31D-15-1501(d) deems a foreign corporation to be transacting business in West Virginia if:

> (1) the corporation makes a contract to be performed, in whole or in part, by any party thereto, in West Virginia;
>
> (2) the corporation commits a tort, in whole or in part, in West Virginia; or
>
> (3) the corporation manufactures, sells, offers for sale or supplies any product in a defective condition and that product causes injury to any person or property within West Virginia.

For a district court to assert jurisdiction over a nonresident defendant within the confines of due process, the defendant must have "minimum contacts" with the forum state such that it is consistent with "fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The Fourth Circuit states that an out-of-state defendant must have minimum contacts that are purposeful to help "ensure that non-residents have fair warning that a particular activity may subject them to litigation

within the forum." In re Celotex Corp., 124 F.3d 619, 628 (4th Cir. 1997).

A court analyzes whether a defendant possesses such minimum contacts by looking to whether the plaintiff seeks to establish "specific" or "general" jurisdiction. Specific jurisdiction is exercised when the defendant's contacts with the forum state form the basis of the suit. Carefirst, 334 F.3d at 397. In determining whether a defendant's contacts support the exercise of specific jurisdiction, a district court considers the following: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. at 396.

Where the defendant's contacts are unrelated to the basis of the suit, a court must look to the requirements of general jurisdiction. Id. at 397. The standard for finding the existence of general jurisdiction is high: the defendant must have "continuous and systematic" contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416(1984); see also ESAB Group, Inc. v. Centricut, 126 F.3d 617, 623 (4th Cir. 1997) ("[T]he threshold level of minimum contacts sufficient to confer general jurisdiction is significantly higher

than for specific jurisdiction."). The hallmark of general jurisdiction is that the defendant's contacts with the forum state are so extensive that it should reasonably foresee being haled into court there. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

### III. Discussion

The Plaintiff has failed to satisfy its prima facie burden in the personal jurisdiction inquiry; therefore, the Complaint must be dismissed. See Fed. R. Civ. P. 12(b)(2). The Defendant persuasively argues the Court does not have personal jurisdiction over it because there are insufficient minimum contacts with the forum State to render the exercise of jurisdiction over the Defendant constitutionally permissible [See ECF No. 4].

**A.   The Court lacks specific jurisdiction over the Defendant.**

The Plaintiff has failed to demonstrate that the Defendant has any contacts within this State. Consisting only of five (5) paragraphs, the Complaint merely states "[t]he Defendant is a corporation that does business in West Virginia" [ECF No. 1-1 at 2]. This conclusory allegation lacks factual support and is insufficient to establish that the Defendant purposefully availed itself of the privilege of conducting any business activity in West Virginia. Moreover, the Plaintiff seeks damages arising from a vehicular incident in the State of Montana. Thus, the

Plaintiff's claims do not arise out of the Defendant's connection to this State.

**B.    The Court lacks general jurisdiction over the Defendant.**

Likewise, the allegations in the Complaint fall far short of demonstrating that the Defendant has continuous and systematic contacts with this State. See Helicopteros, 466 U.S. at 416. As discussed, the Plaintiff's bare bones complaint includes no facts to support its contention that the Defendant conducts business in this State. In fact, nothing in the record suggests that the Defendant, an Iowa corporation with its principal place of business there, has ever conducted business in West Virginia. It therefore appears that the Defendant has no contacts with the forum state, much less contacts that are so extensive that it should have reasonably foreseen being hailed into this Court.

### IV.    Conclusion

Because the Defendant lacks minimum contacts with the State of West Virginia, the Court cannot exercise jurisdiction over the Defendant within the confines of due process. The Court **GRANTS** the Defendant's motion to dismiss for lack of personal jurisdiction [ECF No. 4] and **DISMISSES** this case.

It is so **ORDERED.**

The Clerk shall transmit copies of this Order to counsel of record herein and strike this case from the Court's active docket.

Dated: August 24, 2023

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA